(148 App. Div. 146.)

### CITY OF NEW YORK v. LLOYD et al.

(Supreme Court, Appellate Division, First Department. December 29, 1911.)

1. INDEMNITY (§ 13\*)—INJURY FROM NUISANCE IN STREET.

A city, liable for not having prevented the creation by another of a nuisance in a street, having been obliged to pay damages sustained by a third person because of the nuisance, may recover over against the one primarily liable for the wrong.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 29–35; Dec. Dig. § 13.\*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. MUNICIPAL CORPORATIONS (§ 809*)—EXPLODING FIREWORKS IN STREET.**

To set off fireworks in a crowded city street is a public nuisance, rendering its creator liable, irrespective of negligence, for resulting damages.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1610; Dec. Dig. § 809.*]

**3. PLEADING (§ 35*)—SURPLUSAGE.**

There being in the complaint of a city all the necessary allegations to state a cause of action against the creator of a nuisance in a street, causing damages to a third person, for which the city was obliged to pay, other allegations, appropriate to an action against the surety on such creator's bond, may be treated as surplusage.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 35.*]

**4. PLEADING (§ 406*)—GROUNDS FOR DEMURRER—MISJOINDER OF CAUSES—WAIVER.**

Misjoinder of causes of action appearing on the face of the complaint is a subject for demurrer, objection to which, if not so taken, is, under Code Civ. Proc. § 499, waived.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1370, 1371; Dec. Dig. § 406.*]

**5. INDEMNITY (§ 13*)—EXPLODING FIREWORKS IN STREET—LIABILITY OVER.**

To make one an active participant in the creation of the nuisance of discharging fireworks in a crowded city street, and so liable over to the city, which was obliged to pay a third person for injuries therefrom, it is not necessary that he should have set them off in person or even have been present when this was done, but, while he would probably not be a participant if he merely sold the fireworks, he would be if he undertook the display for the purchaser, and furnished the actual operator, though the operator was paid for his services by the purchaser.

[Ed. Note.—For other cases, see Indemnity, Dec. Dig. § 13.*]

**6. INDEMNITY (§ 13*)—EXPLODING FIREWORKS IN STREET—LICENSE FROM FIRE DEPARTMENT.**

On the question of liability over to a city of one who created the nuisance of setting off fireworks in a crowded city street for damages therefrom to a third person which the city was obliged to pay, it is immaterial whether there was obtained from the fire department a license for a display of fireworks.

[Ed. Note.—For other cases, see Indemnity, Dec. Dig. § 13.*]

**7. INDEMNITY (§ 14*)—CONCLUSIVENESS OF JUDGMENT AGAINST INDEMNITEE AS AGAINST INDEMNITOR.**

A city in an action against it for damages from a nuisance in a street, having cited one in as the creator of the nuisance to defend, which he refused to do, the judgment obtained against the city is, in an action against him for reimbursement, conclusive against him as to the existence of the nuisance and the amount of damages, though not as to his responsibility for creation of the nuisance.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. § 41; Dec. Dig. § 14.*]

Laughlin and Dowling, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by the City of New York against Thomas Lloyd, impleaded with others. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Terence Farley, for appellant.
Mayer Kronacher, for respondents.

SCOTT, J. This is an action by the city of New York to recover the amounts which it had been obliged to pay for damages for personal injuries resulting from the creation of a nuisance in a public street. The facts out of which the action arose are as follows:

On August 3, 1903, a political organization known as the William S. Devery Association gave a display of fireworks at Eighth avenue and Twenty-Eighth street, a crowded thoroughfare in the city of New York. As a result of the display, a horse attached to a cab took fright and ran away, knocking down and seriously injuring a little girl named Naftel. She and her father sued the city for damages and recovered judgments, which have been paid, and the amount of which it is now sought to recover. The fireworks were purchased from the defendant Lloyd, and they were actually set off by one of his clerks named Goesser. Whether he acted in behalf of Lloyd or of the Devery Association is one of the disputed questions in the case. On August 3, 1903, the day of the display, Lloyd presented to the fire department an application for a permit to be granted to him "to explode fireworks in the city of New York," and with the application filed an undertaking signed by himself and the United States Fidelity & Guaranty Company, which recited the application of Lloyd for a permit "to keep and use explosives in the city of New York," and undertook "to well and truly pay to the city of New York, its certain attorneys, successors or assigns any loss, damage or injury resulting to persons or property from the use or keeping of such explosives." The city was unable to produce, upon the trial, the permit issued to Lloyd, and it is perhaps not entirely clear whether or not such a permit was actually issued, although, in our opinion, the evidence would have justified a jury in finding that it had been. In the view we take of the case, however, that question is not important on this appeal. When the Naftel actions were begun against the city, it served notice upon Lloyd, and William S. Devery, the president of the Devery Association, calling upon them to come in and defend the actions. They, however, declined to assume the defense which was prosecuted by the city. After the recovery and payment of the judgments, the present action was commenced against Lloyd, the surety company, and Devery. The latter demurred on the ground that causes of action were improperly united. His demurrer was sustained, and the complaint dismissed as to him. At the trial the complaint was dismissed as against the surety company at the end of plaintiff's case. This left the case to proceed against the present respondent, and at the end of the trial the complaint was dismissed as against him. Hence the present appeal. The dismissal as against the present respondent proceeded, as we think, upon a misconstruction of the complaint, which was assumed to be one stating only a cause of action for indemnity upon the undertaking executed by the respondent and the surety company.

[1, 2] The principle upon which Lloyd is liable to the city, if he is liable at all, is the well established one that a municipality which has

been obliged to pay a claim on account of damages sustained by an individual in consequence of a nuisance in the highway may recover over against the person who was primarily responsible for the wrong which caused the injuries. City of N. Y. v. Cowen, 133 App. Div. 1, 117 N. Y. Supp. 514; City of New York v. Hearst, 142 App. Div. 343, 126 N. Y. Supp. 917; Village of Port Jervis v. First Nat. Bank, 96 N. Y. 550. To set off fireworks in a crowded city street is a public nuisance (Speir v. City of Brooklyn, 139 N. Y. 6, 34 N. E. 727, 21 L. R. A. 641, 36 Am. St. Rep. 664), and, if damages result therefrom, the creator of the nuisance is liable for the damages irrespective of any question of negligence. The city's liability is for not preventing the creation of the nuisance, and, when it is called upon to respond in damages, it has an action over against the active creator of the nuisance. If, therefore, the respondent Lloyd was an active participant in the creation of the nuisance which resulted in an injury to the Naftel child, he is liable to respond to the city for damages which it has been called upon to pay for his wrongful act.

[3, 4] The complaint contains all the allegations necessary to state such a cause of action. It is true that it also contains allegations appropriate to an action against the surety company upon its bond of indemnity, but those may be treated as surplusage, and be disregarded so far as concerns the cause of action against Lloyd. It is suggested that under this construction the complaint states two causes of action which cannot properly be joined. Perhaps it does, although this is not clear, but, if so, it is too late to make the objection. Improper misjoinder of causes of action appearing on the face of the complaint is a subject for demurrer, and, if the objection be not so taken, it is to be deemed waived. Code Civ. Proc. § 499.

[5] The question is therefore whether the respondent was an active participant in the creation of the nuisance. To be so held it is not necessary that he should have actually set off the fireworks in person, or even that he should have been present when they were set off. It is sufficient if he undertook the display and furnished the actual operator. If he merely sold the fireworks, and assumed no further responsibility concerning them, he probably could not be held as a participant in the creation of the nuisance, which consisted of setting them off at an improper place and time. But if, in addition to selling the fireworks, he assumed the responsibility of setting them off, and furnished an operator for that purpose, he may justly be considered as an active participant, and the mere fact that the actual operator may have been paid for his services by the Devery Association is not necessarily determinative of the responsibility of the respondent.

[6] Without reviewing the evidence at length, it is sufficient to say that it was of such a character that a jury might have found that defendant was an active participant in the creation of the nuisance, and, indeed, it appears from the record that the learned trial justice assumed, in dismissing the complaint, that respondent had been shown to have been such a participant. Of course, it is immaterial in this view of the case whether or not Lloyd had actually obtained a permit from the fire department.

[7] The judgments obtained against the city are conclusive against the respondent as to the existence of the nuisance and the amount of the damages (Mayor, etc., v. Brady, 115 N. Y. 611, 22 N. E. 237), but it is still open to the defendant to contest his responsibility for the creation of the nuisance. The manner in which the judgments were obtained is not called in question by respondent, and indeed is not open to collateral attack. 11 Black on Judgments (2d Ed.) §§ 697–698. Our conclusion is that the judgment appealed from must be reversed as to defendant Lloyd, and a new trial granted, with costs to the appellant to abide the event.

INGRAHAM, P. J., and MILLER, J., concur. LAUGHLIN and DOWLING, JJ., dissent.