(76 Misc. Rep. 364.)

## MIANO v. EMPIRE STATE SURETY CO. et al.

### (Supreme Court, Trial Term, Kings County. April, 1912.)

1. INDEMNITY (§ 11*)—ACCRUAL OF LIABILITY—AMENDMENT.

The liability of a surety on a bond conditioned that the obligor and his surety will, jointly and severally, hold third persons harmless from any loss, damage, or injury resulting from the use or keeping of explosives by the obligor, arises upon a breach of condition causing the injury, and not upon the recovery of judgment against the obligor.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 21–25; Dec. Dig. § 11.*]

2. INDEMNITY (§ 14*)—REMEDIES OF CREDITOR—CONCLUSIVENESS OF ADJUDICATION.

Where, soon after an action for injuries caused by the explosion of dynamite used by one who was duly licensed to use and keep explosives was commenced, the defendant, who had given a bond to hold third persons harmless from any injury resulting from the use of the explosives, orally notified the surety of the pendency of the action, the judgment roll is neither conclusive nor prima facie evidence for plaintiff in an action on the bond, and where, after the introduction of the judgment roll in evidence, plaintiff rests his case, the complaint will be dismissed.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. § 41; Dec. Dig. § 14.*]

Action by Guiseppe Miano against the Empire State Surety Company and another. Complaint dismissed.

See, also, 143 App. Div. 950, 128 N. Y. Supp. 1135.

Louis Diamant, for plaintiff.

Hirsh & Rasquin (Benjamin Reass, of counsel), for defendant Empire State Surety Co.

BENEDICT, J. This action, tried before the court without a jury, was brought by the plaintiff to recover from the defendant surety company the sum of $1,261.31 and interest. The action was discontinued against the city of New York by consent. On May 6, 1904, one Frank Labriola applied to the inspector of combustibles of the city of New York for a permit or license to use and keep explosives. Under the provisions of an ordinance of the city of New York, approved by the mayor on May 19, 1902, such an applicant, as a preliminary to the issuance of such permit or license, was required to file with the fire commissioner of the city a bond in the penal sum of not less than $1,000 nor more than $5,000, to be approved by the comptroller, conditioned for the payment of any loss, damage, or injury resulting to persons or property from explosions, and for the strict observance of the said ordinance and the regulations made thereunder. On the 6th day of May, 1904, the said Labriola, as principal, and the defendant Empire State Surety Company, as surety, filed such a bond conditioned as aforesaid. Upon the trial of this action the plaintiff put in evidence the judgment roll in an action brought by him against Labriola to recover damages for personal injuries sustained by him by reason of the explosion of certain dynamite used by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Labriola pursuant to the license aforesaid. From this judgment roll it appeared that the plaintiff had recovered against Labriola in said action a judgment for $1,236.31 on June 14, 1905, and it was conceded on the part of the surety company herein that the judgment had not been paid by Labriola. It was further conceded that in March, 1906, the plaintiff had made a demand upon the surety company for the payment of the judgment, and that the surety company had not paid any part of the judgment. It was proved upon the trial of the present action that, shortly after the suit by Miano against Labriola had been instituted, Labriola notified the surety company verbally that an action had been begun against him upon the bond. Thereupon the plaintiff rested, and the defendant moved to dismiss the complaint upon the ground that no cause of action had been proved.

[1] It is evident from the testimony and the plaintiff's brief that the plaintiff tried the action upon the theory that the judgment obtained in the suit of Miano v. Labriola was conclusive upon the defendant surety company, and that it was not necessary for Miano to prove in this action that he was injured through the breach of any of the conditions of the bond, or that he did not suffer his injury by reason of his own contributory negligence. In support of this proposition it is urged by the plaintiff that the surety company, having had notice of the pendency of the action against Labriola soon after the commencement of the same, and while the same was pending, is bound by the judgment in that action. In support of this proposition he relies principally upon the cases of Village of Port Jervis v. First National Bank, 96 N. Y. 550; Fulton County Gas & Electric Co. v. Hudson River Tel. Co., 200 N. Y. 287, 93 N. E. 1052; Mayor v. Brady, 151 N. Y. 611, 45 N. E. 1133. These, and the other cases cited by plaintiff upon this point, turned on the principle that, in all cases where one stands in the position of indemnitor to another who is immediately liable to a third party, the indemnitor's liability to his indemnitee may be fixed and determined in an action brought against his indemnitee by the third party, if notice of the pendency of such action be given to the indemnitor and the opportunity afforded him to defend it. See, also, City of New York v. Lloyd, 148 App. Div. 146, 133 N. Y. Supp. 118. And in such a case it is sufficient for the indemnitee in an action against the indemnitor to prove the recovery by the third party of a judgment against the indemnitee and the payment thereof by him. But this principle is not involved in the case at bar because the bond executed by Labriola and the surety company as principal and surety was not an agreement to indemnify Labriola in case of any loss to him by reason of the injury to a third person from explosives kept or used by him, but was an agreement that they, the principal and surety, would, jointly and severally, hold third parties harmless from any loss, damage, or injury resulting from the use or keeping of the explosives by Labriola. The liability of the surety company was direct and not ultimate. It arose upon a breach of condition causing injury, and not upon a recovery of judgment against the principal on account of such injury.

[2] The case cannot be distinguished in principle from Berry v. Schaad, 50 App. Div. 132, 63 N. Y. Supp. 349. That was an action brought to enforce the liability of the sureties on the official bond of a constable. The complaint was framed and the action was tried upon the theory that the liability of the sureties, and the extent thereof, were conclusively established by a prior judgment against the constable for conversion in making a wrongful levy and sale upon an execution. Mr. Justice Laughlin, writing for the Appellate Division, said:

"We think the form and terms of the undertaking indicate that the sureties become liable in a direct action by the party aggrieved the moment a breach occurs. Levin v. Robie, 5 Misc. Rep. 529, 25 N. Y. Supp. 982. It does not seem just that the sureties should be liable for the costs of a litigation to which they are not parties, when they might have been joined as defendants, or might have been sued in the first instance by the aggrieved party. There is nothing to show that they contracted with a view to becoming bound by a judgment against the constable. * * * The weight of authority in this state applicable to this case, where it was unnecessary to sue the principal first, is, we think, that the judgment is neither conclusive nor prima facie evidence in favor of the plaintiff of the facts which were essential to its recovery, and this is the logic of the situation"—citing cases.

See, also, Loewer's Gambrinus Brewing Co. v. Lithauer, 43 Misc. Rep. 683, 88 N. Y. Supp. 372, where it is said:

"As to the ultimate fact, whether or not the marshal has been guilty of misconduct, the surety is entitled to his day in court and an opportunity to litigate."

The complaint is dismissed, with costs.
Complaint dismissed.