J. & R. LAMB, Respondent, v. THE NORCROSS BROTHERS COMPANY, Appellant.

Indemnity — action against indemnitor — when facts through which indemnity is claimed may be litigated.

1. When the sense in which the words of a written instrument are used, or the sense in which the promisor had reason to believe the promisee understood them, is determinable from the relation of the parties, facts apart from it, and the surrounding circumstances, it must be found and fixed by the jury.

2. Where one party is entitled to indemnity from another and has given notice and opportunity to defend an action to his indemnitor, the latter becomes a party thereto, so as to be concluded in any subsequent litigation between the parties as to all questions determined in such action and material in the subsequent litigation.

3. Where, however, the facts through which such indemnity is claimed were not litigated in the first action they may be litigated through additional evidence by the alleged indemnitor, in an action brought against him by the party claiming the indemnity, and where the obligation, if it existed, was contractual and is to be found in numerous letters and other evidence from which different inferences may be drawn the question is one of fact to be determined by a jury.

*Lamb* v. *Norcross Brothers Co.*, 143 App. Div. 927, reversed.

(Argued March 14, 1913; decided May 20, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department,

entered March 16, 1911, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frederick Hulse* and *Martin A. Schenck* for appellant. The trial court erroneously directed a verdict for the plaintiff. (*Henry & Co.* v. *Talcott,* 175 N. Y. 385; *People* v. *Most,* 171 N. Y. 423; *Rochester & Pittsburgh Coal & Iron Co.* v. *Flint Co.,* 84 N. Y. Supp. 369; *Reich* v. *Dyer,* 180 N. Y. 107; *Boyd* v. *Brotherson,* 10 Wend. 92; *Shillito* v. *Reineking,* 30 Hun, 345.) It was a question for the jury to determine in this case what kind of granite the plaintiff was to get, but the evidence properly to be submitted to the jury here as a basis for such determination is other and different than could properly be submitted in the *Tompkins* v. *Lamb* case. In other words, the issues are different. (*F. C. G. & E. Co.* v. *H. R. T. Co.,* 200 N. Y. 287; *Murdock* v. *Gould,* 193 N. Y. 369; *Rogers* v. *Straub,* 75 Hun, 264; *White* v. *Hoyt,* 73 N. Y. 505; *Kenyon* v. *Knights Templar & M. M. A. Assn.,* 122 N. Y. 247.)

*Nelson S. Spencer* for respondent. The rule is well settled that if one is liable over to another and has notice of and an opportunity to defend an action brought against the latter, he is bound by the judgment. (*Prescott* v. *Le Conte,* 83 App. Div. 482; 178 N. Y. 585; *Corning* v. *Spellman,* 130 App. Div. 767; *Carleton* v. *Lombard, Ayres & Co.,* 149 N. Y. 137; *O. S. Nav. Co.* v. *Campania T. E.,* 144 N. Y. 663; *Mayor, etc.,* v. *Brady,* 151 N. Y. 611.)

Collin, J. The plaintiff, a domestic corporation, seeks to recover from the defendant, a foreign corporation, the amount the plaintiff paid in discharge of judgments recovered against it by Ray Tompkins. At the commencement of the action in which the judgments were recovered

the plaintiff gave The Norcross Brothers Company, the appellant here, notice and opportunity to defend the action and of its claim to indemnity from it against any judgment Tompkins might recover. The Norcross Brothers Company did not assume the defense. Tompkins secured a judgment which was affirmed in the Appellate Division (*Tompkins* v. *Lamb*, 121 App. Div. 366) and in this court (*Tompkins* v. *Lamb*, 195 N. Y. 518). The plaintiff paid the judgments and brought this action to recover the amounts. The trial court, under the request to go to the jury and exception to its denial on the part of the defendant, directed a verdict in favor of the plaintiff. The Appellate Division has affirmed the judgment rendered upon the verdict. We think the trial court erred.

Tompkins recovered his judgment against the plaintiff here upon the ground that it violated the contract between them which provided that it would for a named sum furnish and erect, at a designated place, a monument and a headstone "to be executed in best white Westerly granite." The monument and headstone actually furnished and erected by the plaintiff were made by the defendant here from granite quarried at Troy, New Hampshire. Tompkins asserted, after they were erected, that the contract contemplated and required that the granite should be quarried at Westerly, Rhode Island, rejected them and brought his action. J. & R. Lamb defending the action claimed that the expression "best white Westerly granite" might mean granite from the vicinity of Westerly, Rhode Island, or from the quarries of The Norcross Brothers Company in Massachusetts or New Hampshire. The jury decided that the contract obligated J. & R. Lamb to furnish and erect the monument and headstone made from granite quarried at Westerly, Rhode Island.

The defendant here manufactured the monument and headstone for the plaintiff. In case the duty, as between the parties here, rested primarily upon the defendant to

make them from granite quarried at Westerly, Rhode Island, so that it was under the obligation to the plaintiff that plaintiff was under to Tompkins, it is, under the notice and opportunity to defend the Tompkins action, barred by the judgment in that action from contesting here the violation of the contract between it and the plaintiff and the damages recoverable by the plaintiff. The principle is well settled that, by notice and opportunity to defend an action, the party notified becomes a party thereto, so as to be concluded in any subsequent litigation between the same parties as to all questions determined in the action and material in the subsequent litigation. (*Carleton* v. *Lombard, Ayres & Co.*, 149 N. Y. 137; *Oceanic Steam Navigation Co.* v. *Compania Transatlantica Espanola*, 134 N. Y. 461; *S. C.*, 144 N. Y. 663; *Robbins* v. *Chicago City*, 4 Wall. 657.) A scrutiny of the record in the Tompkins action, in evidence in this case, does not reveal a relation, contractual or other, between these parties, which placed upon the defendant the duty to cut the articles from granite quarried at Westerly, Rhode Island. It discloses that the facts through which the plaintiff demands the indemnity from the defendant were not litigated in the Tompkins action. They may, therefore, be litigated in this action through evidence additional to the record. (*Fulton County Gas & El. Co.* v. *Hudson River Telephone Co.*, 200 N. Y. 287.) The evidence produced at the trial in addition to the record in the Tompkins action consisted almost exclusively of the correspondence between the parties.

It remains to determine whether or not the evidence proved, as a matter of law, that the defendant was obligated to deliver to plaintiff the articles cut from granite quarried at Westerly, Rhode Island. The obligation, if it existed, was contractual and is to be found in the letters which passed between the parties, and the additional evidence. The letters are many and cover a period of several months. They are peculiar to this action and a

detailed statement and critical analysis of their contents would not be useful. For the decision of this appeal and the purposes of a new trial in the action, it is sufficient to state that they permit different inferences and fair-minded and reasonable men may disagree as to their meaning and effect and the real contract between the parties. They are within the rule that when the sense in which the words of a written instrument are used, or the sense in which the promisor had reason to believe the promisee understood them, is determinable from the relation of the parties, facts apart from it, and the surrounding circumstances, it must be found and fixed by the jury. (*Kenyon* v. *Knights Templar & M. M. Aid Assn.*, 122 N. Y. 247; *Trustees of Town of East Hampton* v. *Vail*, 151 N. Y. 463; *Matter of Totten*, 179 N. Y. 112.) Hence submission to the jury was required.

The judgment should be reversed, and a new trial ordered, with costs to abide the event.

CULLEN, Ch. J., GRAY, WERNER, HISCOCK and CUDDE-BACK, JJ., concur; MILLER, J., not sitting.

Judgment reversed, etc.