(88 Misc. Rep. 578)

## HASBROUCK v. HANSHE.

(Supreme Court, Appellate Term, First Department. January 7, 1915.)

JUDGMENT (§ 703*)—RES JUDICATA—CONCLUSIVENESS.

Action having been brought against a sheriff for the escape of a prisoner who had been admitted to bail, judgment was recovered against the sheriff because defendant, his bond clerk, had accepted a bond without requiring the sureties to justify. The sheriff tendered the defense to defendant, but the tender was ignored, and after judgment the sheriff sued defendant's official surety, which also tendered the defense to defendant, and, he having refused to assume it, judgment was rendered against the surety, whereupon suit was brought in the surety's behalf against defendant. *Held*, that since the question of defendant's negligence in accepting the prisoner's bond was the gist of the action against the sheriff, and also of the action by the sheriff against defendant's surety, adverse judgments in those cases were conclusive against defendant in the surety's subsequent action against him.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1228; Dec. Dig. § 703.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Frank Hasbrouck, as Superintendent of Insurance, against J. Irving Hanshe. From a City Court judgment in favor of defendant, plaintiff appeals. Reversed, and judgment directed for plaintiff.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

Frederic G. Dunham, of Albany (William T. Cusack, of Poughkeepsie, and M. J. Wright, of New York City, of counsel), for appellant.

James A. Donegan, of New York City, for respondent.

LEHMAN, J. The plaintiff herein represents the Empire State Surety Company, which in the year 1910 executed and delivered a bond to John S. Shea, sheriff of the county of New York, in the sum of $10,000, by which the surety company held itself liable to indemnify the sheriff for any damages caused by any neglect in the performance by J. Irving Hanshe of his duties as bond clerk in the sheriff's office. The bond was issued by the surety company upon the written application of the said J. Irving Hanshe, the defendant herein, and in that application the defendant covenanted—

"to indemnify and keep indemnified the said company from and against any and all loss, cost, charges, suits, damages, counsel fees, and expenses of whatever kind or nature which said company shall or may for any cause at any time sustain or incur or be put to for or by reason or in consequence of said company having entered into or executed said bond."

After the Empire State Surety Company had executed and delivered the bond, the defendant herein entered upon the performance of his duties. Subsequently an action was brought against the sheriff, Shea, for damages caused by the escape of a prisoner who was admitted to bail by the sheriff upon a bond with insufficient sureties, who failed to justify before one of the justices of the Supreme Court. The sheriff, claiming that such damages were caused by the negligence of the defendant, Hanshe, tendered the defense of said action to Hanshe. Hanshe ignored the offer, and thereupon the sheriff, Shea,. allowed judgment to be taken against him by default. Thereupon Shea began an action against the Empire State Surety Company, claiming liability upon the bond which indemnified him against damages caused by the neglect of Hanshe. The Empire State Surety Company tendered the defense of the action to Hanshe, who again ignored the opportunity to defend. The surety company thereupon failed to answer or defend, and judgment against it was recovered by the sheriff for $950. The present action was then brought by the plaintiff, representing the surety company, to recover the amount of this judgment.

Inasmuch as the surety company's bond was for indemnity against damages caused by defendant's negligence, the plaintiff can recover the amount of the judgment rendered against the surety company only if it shows that it was compelled to pay the judgment by reason of Hanshe's negligence. To prove this negligence, the plaintiff introduced in evidence the judgment roll in the action against the surety

company. Outside of this evidence, I find no proof of any act of Hanshe in violation of duty as bond clerk. On the contrary, for the purposes of this appeal, I am quite willing to hold that Hanshe's evidence, if properly admitted, shows that he fully performed his duties according to the forms used and the customary rules of the office. Upon this state of the record, the learned trial justice directed a verdict in favor of the defendant, and the only question presented by this appeal is whether the judgment in the earlier action against the Empire State Surety Company is res adjudicata against the defendant Hanshe in regard to the issue of his negligence.

It seems to me that this question of law has been authoritatively settled by the Court of Appeals by a line of decisions culminating in the case of J. & R. Lamb v. Norcross Bro. Co., 208 N. Y. 427, 102 N. E. 564. In that case the court said:

"The principle is well settled that, by notice and opportunity to defend an action, the party notified becomes a party thereto, so as to be concluded in any subsequent litigation between the same parties as to all questions determined in the action and material in the subsequent litigation" (citing cases).

Applying this rule to the present case, we find that the action by Shea was predicated upon the execution and delivery of a bond by the Empire State Surety Company to indemnify Shea for damages caused by Hanshe's negligence. In order to recover in that action, Shea was bound to show that the judgment for damages, which he had previously been obliged to pay, was caused by the negligence of Hanshe within the meaning of the bond made by the Empire State Surety Company. That issue was conclusively determined by that action, and that issue is not only material in the present litigation, but is determinative of it. The defendant herein does not deny that he has agreed to indemnify the plaintiff for any damages claimed by the making of the bond to cover his negligence. In the action brought by Shea, the only liability asserted against the Empire State Surety Company was upon that bond. If the action against the Empire State Surety Company was correctly decided, then Hanshe's obligation to indemnify the surety company necessarily becomes effective, and Hanshe, having received notice and opportunity to defend that action, is not in a position, after judgment rendered, to litigate any issue necessarily determined therein. Under the rule set forth by the Court of Appeals, the trial justice was consequently bound to direct judgment in favor of the plaintiff.

It is claimed, however, that the general rule as stated above is subject to a limitation illustrated by the cases of Oceanic Steam Navigation Co. v. Compania Trans-Atlantica Espanola, 134 N. Y. 461, 31 N. E. 987, 30 Am. St. Rep. 685, and City of New York v. Lloyd, 148 App. Div. 146, 133 N. Y. Supp. 118. In the first of those cases one Cleary brought an action against the plaintiff for injuries caused through the fall of a door on a pier owned by the Oceanic Steam Navigation Company, "by reason of the carelessness and negligence of the defendant in failing and omitting to have said door properly secured." The Oceanic Steam Navigation Company gave notice of

that action to the Compania Trans-Atlantica Espanola, who apparently had control of the pier. Thereafter the Oceanic Steam Navigation Company brought an action against the Compania Trans-Atlantica Espanola to recover the amount of the judgment recovered against it by Cleary, on the ground that, though legally responsible for the condition of the pier, which it owned, the condition was actually created by the Compania Trans-Atlantica Espanola, and that the foreign company was bound to reimburse it for these damages, because, under the circumstances, the parties are not equally culpable. Under these circumstances, the court stated (134 N. Y. page 469, 31 N. E. page 989):

"The judgment in an action first brought is proof in the second action of the liability, and the amount thereof, of the defendant in the first action to the plaintiff herein. The liability of the defendant in the second action to the defendant in the first (the plaintiff in the second) must be established by the evidence outside of the record of the first action."

The court, however, bases this statement of the rule upon the fact that, even if the defendant in the second action had been a party to the first action, the issue of equal guilt could not have been determined, for the sole issue which the plaintiff was bound to litigate was the responsibility of the defendant to it, and not the ultimate responsibility of the defendants to each other. In other words, the record in the first case was not regarded as conclusive in the second case upon the question of defendant's liability for reimbursement to the plaintiff, because that issue was not and could not be determined in the first action, and depended upon proof of facts not material to the first action.

The case of City of New York v. Lloyd, supra, is based upon exactly the same state of facts. In that case the city of New York sought to recover the amount of a judgment recovered against it for injuries caused by an explosion of fireworks in the streets of the city. The court there said:

"The city's liability is for not preventing the creation of the nuisance, and when it is called upon to respond in damages, it has an action over against the active creator of the nuisance."

Inasmuch as in the first action the question of who is the "active participant in the creation of the nuisance is entirely immaterial and could not be litigated," it is still open to the defendant in the second action to contest his responsibility for the creation of the nuisance.

It is, in my opinion, quite evident that these cases in no wise limit the general rule as stated in the case of J. & R. Lamb v. Norcross Bros., supra. They are merely illustrations of cases where that rule cannot apply, because in those cases the second action presents issues not "determined" in the first action. In the present case, however, Hanshe's negligence was the real issue in the first action and was determined there. It is somewhat significant in this connection that the opinion in the case of J. & R. Lamb v. Norcross Bros., supra, actually cites the case of Oceanic Steam Navigation Co. v. Compania Trans-Atlantica Espanola, supra, as an authority for the rule which I have quoted; and it seems to me that the Lamb Case is itself the best illustration in the books of the application of that rule. In that case, the plaintiff in the first action, one Tompkins, had a contract

with the plaintiff in the second action for the erection of a monument of white Westerly granite, and the jury decided that under this contract the contractor was obliged to erect a monument from granite quarried at Westerly, R. I., and that a monument made from granite obtained from the quarries of Norcross Bros. in Massachusetts and New Hampshire did not comply with the contract. It appears, however, that the monument was manufactured for the contractor by Norcross Bros. Company, and the contractor thereupon brought an action against Norcross Bros. Company for the amount of the judgment in the first action. The contractor claimed that the judgment in the first action was binding against Norcross Bros. The court there said:

"In case the duty, as between the parties here, rested primarily upon the defendant to make them from granite quarried at Westerly, R. I., so that it was under the obligation to the plaintiff that plaintiff was under to Tompkins, it is, under the notice and opportunity to defend the Tompkins action, barred by the judgment in that action from contesting here the violation of the contract between it and the plaintiff and the damages recoverable by the plaintiff. * * * A scrutiny of the record in the Tompkins action, in evidence in this case, does ont reveal a relation, contractual or other, between these parties, which placed upon the defendant the duty to cut the articles from granite quarried at Westerly, R. I. It discloses that the facts through which the plaintiff demands the indemnity from the defendant were not litigated in the Tompkins action. They may, therefore, be litigated in this action through evidence additional to the record."

In the present case there is, however, no question but that, as between the parties to this action, the duty rests primarily upon the defendant to respond in damages for his own negligence. There is no question but that the plaintiff in this action could not be held liable in the earlier action, except for damages suffered by this defendant's negligence, and that this defendant's negligence was an issue necessarily determined therein. There is no question but that this defendant had notice and opportunity to defend that action, and I can, therefore, see no reason why the judgment in that action is not binding upon him. Certainly no valid argument can be made that the Empire State Surety Company was negligent in not defending the action brought against it by Shea, for Hanshe was the person primarily interested in that litigation, and best knew whether he was or was not guilty of negligence, and yet he himself has refused the opportunity to defend the action, so that, if there was any neglect, it was on his own part.

In this opinion I have not thought it necessary to analyze a line of cases cited by the defendant, and best illustrated by the case of Miano v. Empire State Surety Co., 153 App. Div. 423, 138 N. Y. Supp. 475, where the courts have held that a judgment against a principal is no evidence against the surety of the latter's liability for a breach of a condition of the bond, even though the surety had opportunity to defend the original action. The opinion in that case itself points out that, since the surety is not bound to indemnify the principal, he is also not bound to defend an action brought against the principal, and therefore not privy to a judgment against the principal.

Judgment should be reversed, with costs, and judgment directed for the plaintiff, with costs. All concur.