HARRY LEVY and Another, Respondents, *v.* JOHN C. FORSTER and Another, Appellants.

First Department, November 2, 1928.

*John J. Buckley*, for the appellants.

*Chester Mayer* of counsel [*Elias E. Kohner*, attorney], for the respondents.

FINCH, J. The action in the Municipal Court was to recover a broker's commission. The defense, that the brokerage should only be paid provided the title to the premises was closed or a survey of the premises was satisfactory to the purchaser; that the survey was unsatisfactory; that title was rejected; that the defendants returned the deposit to the purchaser and canceled the contract. At the first trial in the Municipal Court oral evidence was introduced, showing in full the transaction between the parties leading up to the agreement with the brokers, which read as follows:

"NEW YORK, *March 17th*, 1925.

" WALTER A. FORSTER, Esq.,

" JOHN C. FOSTER, Esq.

" GENTLEMEN.— We hereby agree to accept from you as brokerage commission on the sale of premises 447–453 West 38th Street, New York City to The Stars and Stripes Realty Co., Inc., the sum of One thousand ($1,000) Dollars in full of all commissions. Said sum to be paid us when the title to the premises is closed, except that if the purchaser shall notify the seller that the survey is satisfactory to the purchaser, then said commission of One thousand Dollars ($1,000) shall be due and payable.

" HARRY LEVY

" SAMUEL J. WISHNER."

The jury found for the defendants. Upon appeal to the Appellate Term, that court reversed the judgment because of an error in the charge of the trial court to the jury and sent the case back for a

new trial. Upon a retrial in the Municipal Court the learned court sent the case again to the jury upon the same issue, namely, did the plaintiffs, to induce the defendants to accept plaintiffs' purchaser, agree that their commissions should be paid only in the event title was closed. A second jury found as did the first, namely, for the defendants. Upon appeal to the Appellate Term, the judgment was reversed and judgment directed for the plaintiff, upon the ground that no issue of fact was presented for the jury. The real issue presented by the appeal to this court, therefore, is whether there is an ambiguity in the written instrument so as to permit the introduction of oral evidence to show the actual agreement between the parties. Ordinarily the mere use of the word "when" in reference to the payment of a broker's commission will not be construed to mean that a broker waives his commission if title does not pass because of a defect in the title on the fault of the seller. Without further evidence there is no ambiguity and the broker is entitled to his commission. (*Colvin* v. *Post Mortgage & Land Co.*, 225 N. Y. 510.) Where, as in the case at bar, however, the situation of the parties at the time of the making of the contract is shown to be such that the meaning of the language is ambiguous, parol evidence may be offered to ascertain what was the true intention. One of the defendants testified that the property which he was offering for sale consisted of several parcels, only one of which was then owned by the defendants in fee, the rest being under a contract to purchase. As the defendants had not yet secured title to all of the parcels, they were not in a position to know whether the title to be subsequently obtained by them would be marketable. Consequently, there was a very strong reason for their not being willing to obligate themselves to pay a commission until they knew that they were in a position to give title. While it is not possible to add a word to or take a word from a written agreement, yet it is always permissible to show the sense in which the parties used the words employed in the agreement by proof of the circumstances and the relation of the parties surrounding the making of the agreement. (*Lamb* v. *Norcross Bros. Co.*, 208 N. Y. 427; *Atterbury* v. *Bank of Washington Heights*, 241 id. 231; *Reed* v. *Insurance Company*, 95 U. S. 23, 30.) As Professor Greenleaf has well said: "The writing, it is true, may be read by the light of surrounding circumstances, in order more perfectly to understand the intent and meaning of the parties; but, as they have constituted the writing to be the only outward and visible expression of their meaning, no other words are to be added to it, or substituted in its stead. The duty

of the court in such cases is to ascertain, not what the parties may have secretly intended, as contradistinguished from what their words express, but what is the meaning of words they have used." (1 Greenl. Ev. [16th ed.] § 277.) Taylor on Evidence (11th ed. §§ 1194, 1198) says: " * * * to discover the intention of the writer as evidenced by the words he has used; * * * the judge must put himself. in the writer's place, and then see how the terms of the instrument affect the property or subject-matter. With this view, extrinsic evidence must be admissible of all the circumstances surrounding the author of the instrument. * * * This is only just and proper; since the effect of the evidence is, not to vary the language employed, but merely to explain the sense in which the writer understood it."

The ambiguity of the writing in the case at bar lies in the fact that construed in the light of the circumstances surrounding the making of the agreement, in the language " said sum to be paid us when the title to the premises is closed," the word " when " may have been used in the sense of " if." Webster's Dictionary, defining " when," among other things, says: " akin to if." If this was the sense in which the parties to the agreement used the word " when," then the commission was payable only upon a contingency which never happened. The agreement between the brokers and the seller further goes on to provide " except that if the purchaser shall notify the seller that the survey is satisfactory to the purchaser, then said commission of One thousand Dollars ($1,000) shall be due and payable." The undisputed proof produced at the trial showed that the sellers were not notified that the survey was satisfactory to the buyers. Oral and written evidence concerning the agreement made between the parties was thus properly before the jury. The cases, therefore, holding that the cancellation of a contract between seller and purchaser produced by brokers owing to inability of the seller to give good title, does not defeat the broker's right to his commission, are not in point, since it is always permissible for the parties to vary this rule to any extent. (*Colvin* v. *Post Mortgage & Land Co.*, 225 N. Y. 510.) The second jury having found, as did the first jury, that the agreement was as contended for by the defendants, namely, that a commission should be payable only if and when the title closed unless the sellers were notified by the purchasers that the survey was satisfactory, and it being the uncontradicted proof that the buyers did not notify the sellers that the survey was satisfactory, and the title not having been closed, the jury were justified in finding for the defendants. The verdict is not against the weight of the evidence.

It follows that the determination of the Appellate Term reversing

the judgment in favor of the defendants should be reversed and the judgment of the Municipal Court reinstated, with costs in this court and in the Appellate Term.

DOWLING, P. J., McAVOY, MARTIN and PROSKAUER, JJ., concur.

Determination of the Appellate Term reversed and judgment of the Municipal Court affirmed, with costs and disbursements to the appellants in this court and in the Appellate Term.