■ HALLMARK CONSTRUCTION CORP., Respondent, v. SUFFOLK COUNTY WATER AUTHORITY, Appellant.— In this action for rescission of a contract, the defendant appeals from an order denying a motion to dismiss the amended complaint pursuant to rule 106 of the Rules of Civil Practice upon the ground that the pleading on its face fails to state facts sufficient to constitute a cause of action. The plaintiff failed during two terms of this court to file points in support of its contention, although the appeal was adjourned for that very purpose. In this situation, we are unaware of the legal basis for plaintiff's allegations. Accordingly, the order is unanimously reversed and the complaint dismissed for insufficiency, with leave to replead. Settle order on notice. Concur — Peck, P. J., Botein, Frank, Valente and McNally, JJ.

■ In the Matter of ADELAIDE TRAVIN et al., Appellants, et al., Petitioners, against BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to respondent. No opinion. Concur — Peck, P. J., Breitel, Frank, Valente and Bastow, JJ. [See post, p. 1021.]

■ In the Matter of WILLIAM GILROY, Petitioner, against STEPHEN P. KENNEDY, as Police Commissioner of the City of New York, Respondent.— Determination unanimously confirmed, and the petition is dismissed. No opinion. Concur — Peck, P. J., Breitel, Frank, Valente and Bastow, JJ.

■ PEASE & ELLIMAN, INC., Appellant-Respondent, v. K. BERNARD WEISSMAN, Respondent, and M. & L. HESS, INC., Appellant.— Order insofar as appealed from by plaintiff unanimously reversed and motion denied. It might be determined by looking solely at the letters passing between appellant and Weissman that the latter granted to plaintiff an exclusive agency to sell the property. When all of the affidavits and documents are considered, however, including the pretrial examination of Weissman, a factual issue is presented as to whether an exclusive agency was granted to plaintiff or an exclusive right to sell or lease during the stated period. This issue may only be determined upon a trial. The terms and provisions of the contract must be determined from the contents of letters apparently composed by two businessmen. There is no formal legal document. In this area of the law it has been written that "In the process of interpretation of the terms of a contract, the court can frequently get great assistance from the interpreting statements made by the parties themselves or from their conduct in rendering or in receiving performance under it. * * * The parties may employ language the application of which they know to be uncertain and to which they are too indifferent at the time of executing the contract to take the trouble to make certain. This does not prevent the existence of a valid contract; but it causes much greater dependence to be put upon their subsequent practical interpretation and construction. * * * The practical interpretation given to the terms of the contract by the parties should always be given weight, depending somewhat upon the extent to which they have applied that interpretation and somewhat upon the definiteness with which they applied their minds to the problem." (3 Corbin on Contracts, § 558; see, also, Lamb v. Norcross Bros. Co., 208 N. Y. 427, 431.) Order insofar as appealed from by defendant M. & L. Hess, Inc., affirmed. Settle order on notice. Concur — Peck, P. J., Breitel, Frank, Valente and Bastow, JJ.