SILHOUETTE REALTY, INC., Respondent, v. MAC WELSON et al., Appellants, et al., Defendant.

First Department, December 16, 1965.

*Reuben Chase* of counsel (*Koback & Chase,* attorneys), for appellants.

*Allen Ducker* for respondent.

RABIN, J. P. In this action, where judgment was rendered in favor of the plaintiff real estate broker for having procured a customer who entered into a contract to purchase land owned by the defendants, it is not denied that there was an agreement to pay brokerage commissions. The dispute centers chiefly on whether, as claimed by the defendants, the obligation to pay commissions was conditioned upon the closing of title or, as claimed by the plaintiff, the obligation was not so conditioned, but became a fixed obligation when the parties agreed to the terms of sale. Title failed of closing and this suit is the result of such failure.

There is virtually no dispute as to the language of the commission agreement — oral though it was. Both sides agree that the commission was to be $20,000 payable in installments of $5,000 per year. For the defendants, it was testified that payment was to be made " only at closing of title." For the plaintiff, it was testified that the first $5,000 was to be paid " at the closing " or " on the closing " or " when they closed " and the subsequent installments were to be paid yearly " after the closing." Accepting any version of the plaintiff's testimony we find, as a matter of law, that the agreement to pay the commissions was conditioned upon the actual closing of title. The case of *Amies* v. *Wesnofske* (255 N. Y. 156) seems to be the leading authority on the subject. There the court said (p. 162): " Nor will it do to say that a promise to pay ' on the closing of title ' is a promise to pay on the date fixed by the contract of sale for the closing of title. No such thought is expressed by the words. It is the event itself, not the date fixed for its happening, which makes the promise to pay performable. We think that reason and authority compel the conclusion that we have here a promise to pay a broker upon a condition which has not been fulfilled." Nor will it do to say here that the promise to pay " on " or " at " the closing of title or " when they closed " made the promise unconditional to be fulfilled

whether or not title closed. The cases relied upon by the plaintiff are inapposite. Some of them refer to the liability of the seller when the sale failed of consummation because of the fault of the seller, e.g., *Levy* v. *Forster* (224 App. Div. 463). None of them support its position. We might here say that the plaintiff offered no proof in this case to permit of a finding that the failure to close title was because of the fault of the seller. Consequently, the commission contract being conditioned upon the closing of title the plaintiff may not recover.

But whether or not the agreement to pay commissions may be deemed a conditional one as a matter of law, we find as a fact that such was the agreement and the parties intended it to be so. The great weight of evidence makes for only such a conclusion.

At the outset it should be noted that only $1,000 was paid upon the signing of this contract which called for a purchase price of $400,000. It should be further noted that the contract was not a firm one — unconditionally obliging the purchaser to close title upon the tender of a proper deed on the date of closing. The contract was a conditional one — expressly conditioned upon the issuance of a permit by the Zoning Board of Appeals of the Town of New Castle, authorizing the construction of a golf course on the premises which were the subject of this sale. The testimony of the purchaser was that he informed the plaintiff broker that his only interest in the purchase was for the purpose of using the property as a golf course so that the plaintiff was aware of the possibility that the contract might not close. Indeed, the purchaser attributes his failure to close to the difficulties arising out of his effort to get the proper zoning variance. In such circumstances, it is most difficult to believe that the sellers would obligate themselves to pay a commission of $20,000 even if such authorization were unobtainable and the title were not to close. The sellers were experienced real estate operators and is it likely that they would obligate themselves unconditionally for such a substantial commission, having received a deposit of only $1,000 on a contract that had an " escape " clause?

That it was not the intent of the parties for the commissions to become payable irrespective of closing is further evidenced by the letters of September 30, 1960 and October 7, 1960 sent to the plaintiff by the sellers' attorney and the testimony relative thereto. The letter of September 30 expressly stated, *inter alia,* that no commissions were to be paid unless title actually closed. It also provided that if the terms set forth

were not in conformity with the agreement made, plaintiff should so advise the seller. While plaintiff's representative testified that he did telephone one of the defendants and the latter's attorney to express his dissatisfaction, such communications were denied. On a matter so vital to the plaintiff — its right to $20,000 commission — it is almost inconceivable that plaintiff would not take the trouble of directing a written communication to the defendants setting forth, in no uncertain language, their rejection of the terms contained in the letter. Defendants' counsel testified that plaintiff's representative did call him, but accepted the terms of the September 30 letter and, because the broker had limited facilities, asked that counsel send a letter confirming the telephone conversation. Counsel testified that he did so and produced copies of a letter sent on October 7 purporting to confirm plaintiff's acceptance of the terms of the September 30 letter. In the light of all the evidence presented, we accept counsel's unequivocal testimony in this regard.

In short, we find as a fact that the parties agreed that the commissions were to be payable only if the title closed. And we also find that the proof does not support a conclusion that the title failed of closing because of any fault upon the part of the sellers.

Plaintiff urges, however, that if there were indeed an agreement to make the payment of commissions conditioned upon closing, such agreement was without consideration and is therefore unenforcible. It urges that such agreement was made only after the buyer and seller had agreed as to all of the material terms of the contract of sale and at which time plaintiff would have already earned its commissions.

This argument would be a sound one were the facts as plaintiff asserts. But we find that the evidence does not support the plaintiff's position in that respect. It should be noted that we are not here presented with a case where the seller employed a broker to obtain a purchaser upon certain terms proposed by the seller and where the broker found a purchaser, ready, willing and able to purchase upon such terms. Here there were no terms fixed by the seller prior to the broker having presented the proposed purchaser. The only information the broker had was that the seller was willing to sell a portion of his property. At the time the broker produced his interested buyer he not only did not know how much of the property was to be sold, but he did not know the price or the terms and conditions that would be acceptable to the sellers. The terms

were not hammered out until the signing of the contract, long after the commission arrangement was made.

The commission arrangement was agreed upon at a meeting held at the purchaser's office and there is no dispute but that prior to this meeting there was no discussion as to the terms of sale. However, even if we were to take the evidence relative to the discussions had at that meeting in the aspect most favorable to the plaintiff it is apparent that the discussions regarding commissions, and the discussions with respect to but some of the important — but certainly not all of the essential — terms of the sale were interwoven and were conducted contemporaneously. In such circumstances it may not be concluded that agreement between buyer and sellers had been reached prior to the arrangement between the plaintiff and the sellers with respect to commissions.

In any event for the broker to prevail in his argument of lack of consideration it must sustain the burden of proving that all of the material terms of the contract of sale had been agreed upon prior to the agreement with respect to commissions. It has failed to sustain such burden. To the contrary the record reveals that only at the time of the execution of the contract of sale — long after the commission arrangements were consummated — were all of the essential terms of the contract ironed out. Thus, the plaintiff may not prevail in his argument addressed to the lack of consideration. It is without merit.

Accordingly, in view of our finding on the law and on the facts that the agreement was conditioned upon closing of title, and our finding that there was insufficient proof to establish that title failed of closing through the fault of the sellers and, lastly, that the brokerage commission was not earned prior to the time that the commission agreement was entered into, we conclude that the judgment in favor of the plaintiff should be reversed and judgment entered dismissing the complaint, with costs and disbursements, in favor of the appellants.

VALENTE, McNALLY, STEVENS and STEUER, JJ., concur.

Judgment so far as appealed from unanimously reversed, upon the law and upon the facts, with $50 costs to appellants and judgment rendered in favor of the defendants dismissing the complaint.