ADDIE B. DELONG, Respondent, *v.* MASSACHUSETTS FIRE AND MARINE INSURANCE COMPANY, Appellant.

MEMORANDUM. The jury in this case found upon sufficient evidence that the taking of the automobile was not with felonious intent. In the case of *Van Vechten* v. *American Eagle Fire Insurance Co.* (239 N. Y. 303) it was a material element that felonious intent could not be found as a fact. We see no occasion for deciding that the situation held to have been existing when Judge Cardozo wrote the opinion in the *Van Vechten* case has been changed by lapse of time or other circumstances. The definition of a word or phrase by the court is entitled to great weight until a different definition is established by court decision or at least by proof. (*Slocovich* v. *Orient Mutual Ins. Co.*, 108 N. Y. 56, 65.) The jury finding here that the taking was theft within the terms of the policy as defined by common thought and speech we regard as immaterial. While the construction of a contract is ordinarily for the court, circumstances often arise under which, when the language is ambiguous or equivocal, a jury is permitted to weigh the evidence and determine what the contract means. The triers of the fact are then allowed to " fix the sense in which the words were used." ( *Utica City Nat. Bank* v. *Gunn*, 222 N. Y. 204.) It becomes a mixed question of law and fact. In such instances, the relations of the parties and the surrounding circumstances are appropriate matters for consideration. Question No. 3, to which the jury answered " Yes," was as follows: " Was the taking of the automobile a theft within the terms of the policy as defined by common thought and speech? " The learned trial court advised the jury that it might find that the taking was theft in common thought and speech as of the time when the car was taken. But the vice in the situation is that the jury was allowed to base its answer solely upon its estimate of the public impression then existing as gathered from the public's familiarity with section 1293-a of the Penal Law and from information obtained, as to similar takings as time had passed since the *Van Vechten* decision in 1925. This was not enough. Assuming that the meaning of the word " theft " was properly for the jury to determine, that determination, to be of value, must have evidence as a basis. In order to authorize this jury to declare as it did the meaning of the word in the insurance contract, presence in the record of evidence from which such an inference could be drawn would be an essential. (*Lamb* v. *Norcross Bros. Co.*, 208 N. Y. 427.) Otherwise there is no foundation for a finding contrary to that made as a matter of law by the Court of Appeals in the *Van Vechten* case. There being no such evidence, the definition by the jury is contrary to the evidence and of no materiality. All concur, except Thompson and Crosby, JJ., who dissent and vote for affirmance. Judgment and order reversed on the law and new trial granted, with costs to the appellant to abide the event. [142 Misc. 654.]