CHASE NATIONAL BANK OF THE CITY OF NEW YORK, Plaintiff, *v.* HARRY P. CARVER, Defendant.

Supreme Court, Trial Term, New York County, December 7, 1937.

*Milbank, Tweed, Hope & Webb [William J. O'Connell* of counsel], for the plaintiff.

*Smyth & Meleney [Clarence C. Meleney* of counsel], for the defendant.

POLETTI, J. This is an action based on a written contract of guaranty executed by the defendant on April 11, 1931, and reading as follows: " In consideration of one ($1.00) dollar, receipt whereof is hereby acknowledged and to induce The Chase National Bank of the City of New York (hereinafter called the Bank) at its option to discount for or purchase from Etta, Inc. (hereinafter called the Borrower) at any time or from time to time, notes, bills receivable, checks, drafts, acceptances, and other commercial paper, or to make loans or advances thereon, or to make loans or to extend credit or any other accommodation or benefit to or for the account of the Borrower, or to purchase or extend credit upon any such instrument in respect of which the Borrower may be liable in any capacity, the undersigned hereby jointly and severally unconditionally guarantee to the Bank   *   *   *   that all sums stated in any such instrument or other writing to be payable shall be promptly paid in full when due   *   *   *   and that any and all other sums heretofore advanced to and which are now or hereafter may be due and owing from said Borrower shall be paid in full when due, or, if now due, when payment thereof shall be demanded by the Bank,   *   *   * and in case of extension of time of payment in whole or in part of any of said instruments or obligations, all said sums shall be promptly paid when due according to such extension or extensions at maturity."

The note which the plaintiff claims is covered by the guaranty was a renewal of a pre-existing debt and was executed some time after the execution of the guaranty, on July 28, 1931.

The defendant concedes his execution of the guaranty and the plaintiff's acceptance of the renewal note, but contends that the loan evidenced by the renewal note was made prior to the execution of the guaranty, that the plaintiff was not induced to make the loan

in reliance on the guaranty, that there is, therefore, no consideration for the guaranty.

It is the defendant's contention that the consideration for the guaranty must be restricted to future cash loans and that it was not intended to include the extension of an antecedent debt.

A reading of the comprehensive terms of the guaranty satisfies the court that the restriction proposed by the defendant cannot be imposed without doing violence to the contract. Although this court is bound by the decision of Mr. Justice Steuer on plaintiff's motion for summary judgment, holding in effect that the interpretation of the guaranty cannot be resolved as a matter of law, yet at most it may be said that the expressions of what the consideration is to consist of are not as clear as they might be. In view of such a question of fact and in accord with well-settled principles of law (*Utica City Nat. Bank* v. *Gunn*, 222 N. Y. 204; *Traders' Nat. Bank* v. *Parker*, 130 id. 415; *Scherer* v. *East Side Nat. Bank*, 263 id. 190), the court permitted the introduction of testimony tending to clarify the circumstances under which the guaranty was executed in order to arrive at the true intention of the parties. This rule of construction is not changed because the defendant is a surety. (*Ulster County Savings Institute* v. *Young*, 161 N. Y. 23; *Catskill Nat. Bank* v. *Dumary*, 206 id. 550, 555; *Gates* v. *McKee*, 13 id. 232, 237.) By the evidence so adduced it has been clearly established that the parties intended that the consideration for the guaranty was to include the extension of antecedent debts as well as the making of new loans.

It may be, as the defendant contends, that loans and discounts in their strict legal meaning do not include renewals and that a renewal is not a loan but an extension of the time of payment (See *Brown* v. *Marion Nat. Bank*, 169 U. S. 416), but the strict legal meaning is not always the meaning of the parties. Surrounding circumstances may compel a different meaning, and it is the function of the court sitting here as a trier of fact to fix the sense in which the words contained in the guaranty were used. (*Kenyon* v. *Knights Templar & M. M. Assn.*, 122 N. Y. 247.)

" To take the primary or strict meaning is to make the whole transaction futile. To take the secondary or loose meaning is to give it efficacy and purpose. In such a situation, the genesis and aim of the transaction may rightly guide our choice." (Cardozo, J., in *Utica City* v. *Gunn, supra*, 222 N. Y. 204, at p. 208, citing 4 Wigmore Ev. § 2470, Stephen, Digest of Law of Ev. art. 91, subds. 5 and 6.)

The cases relied on by the defendant are not decisive of the question here presented. *Standard Oil Co.* v. *Koch*, (260 N. Y. 150, 154)

went off on the ground that the written memorandum of guaranty did not contain all the material terms of the alleged contract; particularly it did not contain the agreement "made between the plaintiff and Koch * * * that the Standard Oil Company would surrender the first guaranty and refrain from suing Koch thereon; also extend further credit to his corporation by future deliveries of gasoline, in consideration of his guaranteeing both past and future indebtedness up to $3,000." This agreement, the court said, the writing fails to state.

"By its terms Koch guarantees past and future indebtedness for an extension of credit on the delivery of gasoline to his corporation. On the face of the guaranty there is no consideration other than this for assuming responsibility for past indebtedness. * * *

"We, therefore, have in this case oral evidence of a contract about which there seems to be little or no dispute. It cannot be enforced because the action, to be performed by both parties, was executory and the writing required by the statute fails to state the agreement."

In the instant case, however, the writing contemplates, if it does not compel, an interpretation which includes as consideration for the guaranty the extension of an antecedent debt. That this interpretation represented the true intention of the parties has been confirmed by credible and persuasive testimony. The writing, therefore, satisfies the statute (Pers. Prop. Law, § 31, subd. 2), and since the consideration bargained for was actually rendered by the plaintiff in the acceptance of the renewal note, the defendant is bound to pay in accordance with the terms of the contract.

*Sun Oil Co.* v. *Heller* (248 N. Y. 28) is not to the contrary of what is here decided. It was there held that from the evidence showing the circumstances attending the execution of the guaranty, which was admitted, as here, to show the true meaning of the contract, the guaranty was given in part for a new indebtedness for future deliveries which were never made.

As indicated, the written guaranty in the instant case, properly interpreted, recites as consideration for its execution the extension of an antecedent debt. Since such a debt was concededly extended, judgment must be rendered for the plaintiff.