SIMENSKY & LEVY CORP., Plaintiff, *v.* KINGS COUNTY REFRIGERATING Co., Defendant.

City Court of New York, Special Term, Kings County, December 9, 1938.

*Weinstein & Levinson*, for the plaintiff.

*Daniel E. Hanlon*, for the defendant.

FENNELLY, J. The action is by a bailor against a bailee, for returning its property in a worthless condition. The property consisted of fruit (apples) and defendant claims the apples were of a variety and nature that, if transported to cold storage immediately after harvesting, would deteriorate after six or eight weeks in adequate cold storage.

It contends that it was plaintiff's negligence in leaving the apples in cold storage for a longer period that caused the damage. It is to establish these facts that the examination is sought.

It is, of course, the general rule in this department that the court's discretion will only be exercised in permitting examinations, where the applicant has the affirmative. To this rule there are exceptions. (*Oshinsky* v. *Gumberg*, 188 App. Div. 23.)

In this action, plaintiff makes out its *prima facie* case, by proving its property was in good condition when delivered to the bailee and its worthless condition when returned. The defendant then has the burden of going forward with the proof in explanation.

The theoretical burden of proof is with the plaintiff to the end; the actual burden, however, is with the defendant.

Under the circumstances in this case, I feel an exception to the general rule should be made and an examination permitted. (See *Severnoe Securities Corp.* v. *Phœnix Assur. Co.*, 124 Misc. 188.)

The motion is, therefore, denied. Submit order upon two days' notice of settlement fixing time and place of examination.