HYMAN MERL, Plaintiff, *v.* STANDARD INSURANCE COMPANY OF
NEW YORK, Defendant.

Supreme Court, Trial Term, Sullivan County, February 2, 1940.

*Otto A. Samuels* [*John D. Lyons* and *S. Sidney Heller* of counsel], for the plaintiff.

*George I. Janow,* for the defendant.

BERGAN, J. The conclusion is reached as a matter of law that the use of the word " theft " by the parties to the contract of insurance intended the policy issued by defendant to cover damage from upset or collision, only in the event such damage resulted from the taking of the automobile by someone with the felonious intent to appropriate it permanently and wholly. (*Van Vechten* v. *American Eagle Fire Ins. Co.*, 239 N. Y. 303, 305.) It was there held, not as a question of fact, but as a matter of law, since the court in such a case dealt only with matters of law, that the use of the word " theft " by the parties to the policy of insurance there under consideration, did not contemplate the mere technical larceny provided by the innovation of section 1293-a of the Penal Law, but it meant theft with intent permanently to appropriate the car as that word had long and commonly been understood prior to the enactment of the statute.

It was noted that, while innovations of the kind provided by section 1293-a may persist, become general and in time sink into common thought and common speech, " they have not done so yet." This was stated then, as a matter of law. I think it continues to be a matter of law and not of fact, and that the same answer must now be given as was given in the *Van Vechten* decision.

That case was decided in January, 1925. The statute as it was then construed was fifteen years old. It was enacted by chapter 621 of the Laws of 1910. This was preceded by an earlier statute, similar in principle and text, enacted in 1909 (Laws of 1909, chap. 514) which was the origin of the legislative innovation. When the court construed the effect of the word " theft " in the policy, therefore, there had been sixteen years of experience with the statute. It is as old, almost, as the general use of motor vehicles. The statute continues in its present form, as last amended in 1928 (Laws of 1928, chap. 373), in substantially the same text as in its original enactment.

The fifteen years that have elapsed since the *Van Vechten* decision have witnessed no indication that there has been worked by the statute any change in common understanding or thought of the definition of theft, any more than such a change had been worked in the preceding sixteen years. Theft is still, as it was in 1925 and before the enactment of the statute, regarded as an appropriation of property with intent permanently and feloniously to appropriate it — an automobile as well as any other chattel. Prosecutions under the statute have been rare, and it must be said, I think, that the statute has not yet been integrated into the usual and common concept of theft. I think it must be said in 1940 of this policy of insurance as it was said as a matter of law in the *Van Vechten* case in 1925 (at p. 307) that " theft under this contract is theft as common thought and common speech would now image and describe it."

For the purpose of this motion the aspect of the proof most favorable to plaintiff must be accepted. But this does not disclose an intent permanently to appropriate the vehicle. The most that is shown is use without permission. This is not what the parties meant by " theft " in their contract. A similar conclusion under somewhat similar facts was reached by Mr. Justice Heffernan, in 1926, in *Schenectady Varnish Co., Inc.*, v. *Automobile Ins. Co.* (127 Misc. 751). Nothing that was said in *De Long* v. *Massachusetts Fire & Marine Ins. Co.* (238 App. Div. 760) leads to a different conclusion in this case.

The case has been sent to the jury under plaintiff's theory and a verdict reached, decision upon the motion to dismiss the complaint having been reserved, so that the case may be fully disposed of without further expense or trial, if a different view of the law is taken upon appeal.

The motion addressed to the complaint upon which decision was reserved by consent at the close of the whole case is now granted.

Order signed.