ROSARIO CASTORINA, Respondent, v. MAX ROSEN et al., Doing Business as ROSE STREET GARAGE, Appellants, et al., Defendants.

First Department, December 21, 1942.

*Louis A. Breslerman* for appellants.

*Karl C. Brett* for respondent.

UNTERMYER, J. For one year previous to May 4, 1939, the plaintiff had stored his automobile in the garage operated by the appellants. On May 4th he left the automobile at the garage in good condition, but when calling for it on May 7th found that it was missing from the garage.

It was then discovered that the defendant Birgis, employed by the appellants for about one year to wash cars and watch the premises, had taken the car without permission and had met with an accident in which it was damaged. The evidence is uncontradicted that Birgis was not employed to drive cars stored at the garage.

The Municipal Court granted judgment in favor of the plaintiff, holding that " The rule under which common carriers are liable for the torts of their employees should be extended to garage owners, in cases where the loss of or damage to automobile is involved." The Appellate Term, although reducing the amount of the recovery, held that the appellants were not liable on the theory applied by the Municipal Court, but that, even though Birgis had been recommended to them and had served for about one year without misconduct, they were liable on the theory of negligence for failure to make a more extensive investigation.

We are not entirely satisfied that the evidence sustains the charge of negligence, but we think the appellants, though not subject to the liability of a common carrier, are liable under the circumstances of the present case. The decisions relied on by the Appellate Term as relieving the appellants from liability for damage caused by theft (*Hogan* v. *O'Brien*, 212 App. Div. 193; *Claflin* v. *Meyer*, 75 N. Y. 260) were cases where the property was stolen while in the possession of the bailee by persons not under any contractual relationship with him. It is likewise true that neither bailor nor bailee would be liable where the servant has caused injury to others or to the property of others while operating the automobile without authority. In the present case, however, we are concerned with a different problem which seems not to have been decided by any appellate court of

this State. That question is whether the bailor may hold the bailee liable for the unauthorized use by the servant of the bailee of the property which is the subject of the bailment.

We think that sound principles of law and considerations of expediency combine to require that the bailee be held liable. When the car was delivered to the garage the appellants, by legal implication, agreed not to use it except in accordance with the instructions of the bailor. They would clearly be liable if they had used the automobile on the highway on their own business or for their own pleasure. If they chose to delegate the performance of their contract of bailment to a servant, they assumed responsibility for his acts. The situation and the applicable principles are the same as if the appellants had themselves taken the plaintiff's automobile from the garage. Their liability is not for negligence but for breach of the contract of bailment through the agency of their employee.

Reasons of expediency confirm these views. The bailee is in a position to select, and in a better position to control, his employees than is the bailor. The bailee may conduct whatever investigation he desires concerning the antecedents and the character of those whom he employs. It is not unreasonable, therefore, that he, rather than the bailor, should suffer the loss caused by the dereliction of his employee. Although there exist decisions to the contrary (*Firestone Tire & Rubber Co.* v. *Pacific Transfer Co.*, 120 Wash. 665; *Firemen's Fund Ins. Co.* v. *Schreiber*, 150 Wis. 42), the great weight of authority in other States seems to favor this conclusion. (*Corbett* v. *Smeraldo*, 91 N. J. L. 29; *Manhattan Fire & Marine Ins. Co.* v. *Grand Central Garage*, 54 Nev. 147; *Walters* v. *U. S. Garage, Inc.*, 131 Me. 222; *Evans* v. *Williams*, 232 Ill. App. 439; *Vannatta* v. *Tolliver*, 82 Pa. Super. Ct. 546; *Medes* v. *Hornbach*, 56 App. Cas. [D. C.] 13; 6 F. [2d] 711; *Employers' Fire Ins. Co.* v. *Consolidated Garage & Sales Co.*, 85 Ind. App. 674.)

The determination of the Appellate Term should be affirmed, with costs and disbursements.

MARTIN, P. J. (dissenting). One of the basic rules of law applicable to a bailment for hire is that the bailee is bound to exercise reasonable or ordinary care. Williston on Contracts (Rev. ed., vol. 4, § 1065A) discusses bailment of automobiles and points out that many courts hold that the fact that the loss or damage to a stored vehicle is caused by an unauthorized act of an employee does not relieve the garage keeper from responsibility. In the note accompanying such statement, it is said that the theory of such holding is that there is a breach of a positive contractual duty to protect. The note is careful to point out,

however, that there are other courts which apply the general principles of tort liability based on the doctrine of *respondeat superior* relieving the garage keeper of liability for the acts of his servant outside the scope of his employment.

In *Schmidt* v. *Blood,* 9 Wend. 268, the court (per SUTHER-LAND, J.) said: "It appears to be well settled that a warehouse-man, or depositary of goods for hire, is responsible only for ordinary care, and is not liable for loss arising from accident when he is not in default; 2 Kent's Comm. 441; 4 T. R. 481; Peake's N. P. 114; 4 Esp. N. P. R. 262; and in *Finucane* v. *Small,* 1 Esp. N. P. R. 315, it was held that if goods be bailed to be kept for hire, if the compensation be for house-room, and not a reward for care and diligence, the bailee is only bound to take the same care of the goods as of his own, and if they be stolen or embezzled by his servant, without gross negligence on his part, he is not liable; * * *." That is still good law.

The obligation of a garage keeper, a bailee for hire, is well expressed in the following quotation from the opinion of the Court of Appeals, District of Columbia (56 App. Cas. [D. C.], 14; 6 F. [2d] 711, 712): "It is the duty in general of one operating a garage in which automobiles are kept in storage for pay to exercise ordinary care by the employment of trust-worthy servants and otherwise for the safe-keeping of the cars in his charge. On the other hand, he is not an insurer of their safety, and if a stored car is stolen from the garage without negligence upon his part, he is not in general liable to the owner for the loss. This rule likewise applies, should the thief be an employee of the person operating the garage, if the theft occurs without the connivance or negligence of the employer. * * *."

In the case at bar, there is no proof of negligent selection of the employee or that during the year of his retention he had indicated any tendency to transgress. As was said in *Ehrich* v. *Guaranty Trust Company* (194 App. Div. 658): "An employer is not bound to assume that an employee, whom he has no reason to suspect of dishonesty, will or may commit a crime. On the contrary, the presumption is that he will do right and not wrong. (See *Knox* v. *Eden Musee Americain Co.,* 17 App. Div. 365; *National Exchange Bank* v. *Lester,* 194 N. Y. 461; *People's Trust Co.* v. *Smith,* 215 id. 488.)"

The determination appealed from should be reversed.

TOWNLEY and COHN, JJ., concur with UNTERMYER, J.; MARTIN, P. J., dissents and votes to reverse, in opinion; CALLAHAN, J., concurs with MARTIN, P. J.

Determination affirmed, with costs and disbursements.