L. BARTON BROOKOV, INC., Plaintiff, *v.* GLENS FALLS INSURANCE Co., Defendant.

City Court of the City of New York, Special Term, New York County, October 1, 1947.

*Booth & Baron* for plaintiff.

*Hill, Rivkins & Middleton* for defendant.

CAPOZZOLI, J. Plaintiff's motion for summary judgment and defendant's cross motion for summary judgment are each denied.

Manifestly, plaintiff is not entitled to judgment on affidavits. Defendant has no firsthand knowledge of the circumstances of the loss, or, indeed, whether there was a loss at all, and plaintiff's officers and employees, who have exclusive knowledge of the facts, should subject themselves to cross-examination (cf. *Brooklyn Clothing Corp.* v. *Fidelity-Phenix F. Ins. Co.,* 205 App. Div. 743).

On the other hand, it seems to me that defendant misinterprets the policy, which, by its express provisions, covers loss of property " while the same is in or upon any place or premises whatsoever in the United States of America " and in other specifically designated territories. To the extent that the meaning of the policy may be doubtful it must be construed against the company which issued it. Moreover, it is clear beyond doubt that the policy was intended to cover losses at places where the jewelry might be displayed, even for purposes of sale, outside of plaintiff's principal place of business, and that such a place of display in a hotel lobby was to be regarded for the purpose of the policy as one of the assured's (plaintiff's) " business addresses." The proposal contains a representation as to the places where the jewelry had been kept " outside cities or towns in which the proposer's premises are situated during the last twelve months " before the issuance of the policy, but this is not tantamount to a representation or warranty that jewelry would be kept nowhere else during the effective period of the policy. Moreover, the proposal specifically mentions " Occasional trip to South ", and it is difficult to believe that defendant was in any way misled or that it labored under any misapprehension. This so-called " floater " policy should not be construed as narrowly as defendant would have it construed. When the alleged loss took place the property was in the custody of one of plaintiff's officers named in the policy, and defendant would have been liable under the policy, to the extent of $35,000, if such officer were on a business trip to Florida and had had the jewelry in his pockets, instead of in a display case in a hotel lobby. The purpose of such a " floater " policy is to allow the jewelry to be carried around throughout the country, and the company insures against the risk of loss wherever the jewelry may be when lost. That is why " floater " policies of this type are written and bought. The argument that risk of location must be taken into account falls when one considers that an officer carrying the jewelry

was free to take it into any neighborhood where he chose to go.

As to the remaining point made by defendant: This is hardly an " unexplained shortage." If the defendant were to prevail in its contention to that effect .(that this is an unexplained shortage because no one actually saw the jewelry stolen from the display case), theft policies of this kind would be generatly useless. A theft must usually be proven by circumstantial evidence. The thief seldom steals in the presence of witnesses. This is not a policy protecting the insured only against loss resulting from burglary or taking by violence. In any event, there is at the very least a triable issue concerning the explanation for the loss, and any inferences of fact must be drawn by the trier of the facts.