POTOMAC INSURANCE COMPANY, Plaintiff, *v.* GEORGE T. DONOVAN, Defendant.

Supreme Court, Trial Term, Oneida County, February 9, 1948.

*Paul J. McNamera and Albert J. Monahan* for defendant.

*Arthur J. Foley* for plaintiff.

SEARL, J. A jury has returned a verdict for plaintiff, representing the amount of damage to the automobile of one Harold Leonard. Plaintiff has paid Leonard's claim under a theft policy and brings the action as assignee of Leonard against defendant, operator of a parking lot in the city of Utica.

The court reserved decision on a motion for a nonsuit made at the conclusion of all the evidence.

On the evening of December 4, 1944, Harold Leonard drove his Buick sedan onto a parking lot located at the corner of Charlotte and Elizabeth Streets, in the city of Utica, New York. He paid the attendant twenty cents, left the lights on and the engine running. A former employee of defendant drove a car into the lot at about the same time. When Leonard returned for his car, an hour later, it was gone. Upon inquiry, the police informed Leonard the car had been found a half hour previous, badly damaged. The former attendant of the station had taken it and met with an accident.

Plaintiff claimed that Donovan, owner of the station was bailee of the car, and failed, through his agent in charge of the station, to exercise reasonable care for protection of the car from theft.

Judge CRANE has written in *Osborn* v. *Cline* (263 N. Y. 434, 437) : "Whether a person simply hires a place to put his car or whether he has turned its possession over to the care and custody of another depends on the place, the conditions, and the nature of the transaction. (*Galowitz* v. *Magner,* 208 App. Div. 6)." The trial court had held that a bailment existed. The Court of Appeals held the question as to the existence of a bailment should have been left to the jury.

In the instant case the court left this question to the jury and they resolved it in favor of the plaintiff. The verdict should stand were it not for the decision in *Castorina* v. *Rosen* (290 N. Y. 445). There plaintiff had been housing his car in defendant's garage for some time. On the evening of May 4, 1939, plaintiff turned his car over to an employee who was hired to watch the garage and to wash cars, but who had no authority to remove any car from the garage. However, the attendant was in full charge. He took plaintiff's car out and damaged it. The Appellate Division held "that sound principles of law and considerations of expediency combine to require that the bailee be held liable." (265 App. Div. 316, 318). The Court of Appeals held to the contrary, citing *Schmidt* v. *Blood* (9 Wend. 268 [1832]), to the effect that a bailee for hire is only bound to take the same care of the goods as of his own, and that without gross negligence on his part, he cannot be held liable for the acts of his servant. The court further held that the limit of the defendant's liability was confined to tortious acts of the servant while acting within the scope of his employment; that as the servant came well recommended and the master had no knowledge of

previous dishonest acts, nor any grounds to suspect dishonesty, recovery could not be had. In the instant case there was no proof of knowledge acquired by defendant of any incompetency on the part of the parking lot attendant.

As the duty of the proprietor of a garage extends beyond that of the operator of a mere parking lot, the court must, in view of the authority last above mentioned, here grant defendant's motion for a nonsuit made at the close of the evidence, on which decision was reserved, with a proper exception to plaintiff.

Order accordingly.