Per Curiam.

The language of the contract in this case is set forth in the prior opinion of this court on the appeal after the first trial of this action (274 App. Div. 184). On that appeal, this ‘ court unanimously reversed the judgment for $65,407.01 entered on the prior verdict in plaintiff’s favor for $57,114, with interest and costs, and ordered a new trial. We held that the contract left open for determination as an issue of fact whether defendant Mexasturca unconditionally agreed to pay the Mexican customs duties, irrespective of whether it elected to become responsible for the purchase of the steel bars shipped to it upon consignment, or whether payment of the duties by Mexasturca was conditioned as was the obligation to pay the purchase price on making an election to purchase or becoming responsible for the purchase of the steel.
If plaintiff-appellant were correct in its contention, defendants would have agreed to pay some $57,000 to bind an option to purchase some $180,000 of materials. The written contract was drawn so as to describe the obligation of Mexasturca to pay the purchase price as well as to pay the customs duties. Nevertheless, the agreement states definitely that the goods are shipped by plaintiff to Mexico “ on consignment ”. Although plaintiffs *638 originally contended that the transaction was a sale, that position has been abandoned and it is now conceded that Mexasturca was not obligated to accept and pay for the goods, but plaintiff still contends that even if the consignee rejected the goods it was obligated to pay the customs duties.
The testimony of defendants’ witness Alonso, upon which appellant relies, adds nothing to the written contract. The statement that Mexasturca would be responsible for the Mexican duties appears to have been regarded by the jury as having been made on the assumption that Mexasturca would take up the consignment. Alonso was not asked, and did not say, whether it was stated in the preliminary arrangements that the duties were to be paid by the consignee regardless of whether it undertook to buy and pay for the goods.
The consignment feature may well have been added to enable the parties to take advantage of the higher Mexican price ceiling. However that may be, the ambiguity arose from the circumstance that the draftsman seems to have carried in mind, during the time when he was preparing most of the contract, that it provided for a sale, although it did not and plaintiff does not now contend that it did; as concededly it is not a sale but a mere consignment, it was left in uncertainty what would occur if Mexasturca elected not to purchase or become responsible for the purchase of the steel bars. This court said on the prior appeal: ‘ ‘ A question of fact is presented whether the use of the words, ‘ On consignment ’, did not import a condition into the promise to pay for the customhouse duties as well as into the promise to pay the purchase price, and make both obligations dependent on Mexasturca’s election to take the goods.” (274 App. Div. 184, 190.) In a case such as the one before us, the triers of the fact are permitted to fix the sense in which the words were used and in so doing could properly consider the relations of the parties, the surrounding circumstances (DeLong v. Massachusetts Fire and Marine Ins. Co., 238 App. Div. 760, 761; Utica City Nat. Bank v. Gunn, 222 N. Y. 204), and the inferences that might be drawn from undisputed facts (Schweinler v. Earl, 183 App. Div. 673, 686, and cases cited).
Contracts are to be construed so as not to place one party at the mercy of the other, or to reach a result which the parties could not have contemplated. Hardship and injustice are not deemed to have been intended. In this instance, neither the testimony of Alonso nor the language of the contract, which it parallels, conclusively shows that Mexasturca’s obligation to *639 pay the duty was in a different category from its obligation to pay the purchase price, or that either became payable until Mexasturca elected to become purchaser as well as consignee. The shipper originally invoiced Mexasturca for this merchandise, which it now admits it had no right to do. The jury found that the parties intended that the same result should follow with respect to the demand for payment of the Mexican customs duties.
The issue of fact which we directed should be submitted to the jury was, so far as relevant on this appeal by plaintiff only, properly submitted by the trial court in a clear, correct and comprehensive charge and after due deliberation the jury unanimously found a verdict for defendants on plaintiff’s case. In our opinion the weight of the credible evidence, including the inferences properly to be drawn from the facts established in the light of the relation of the parties and all the surrounding circumstances, clearly sustains the jury’s verdict for defendants on plaintiff’s claim and the judgment entered thereon should not be disturbed.
The judgment appealed from should be affirmed, with costs.
Peck, P. J., Dore, Cohn, Callahan and Van Voorhis, JJ., concur.
Judgment unanimously affirmed, with costs. [See 276 App. Div. 834.]