■ W. S. HAYES, INC., Appellant, v. PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Respondent.— Orders unanimously reversed, with $25 costs and disbursements, and motion denied, without costs. Memorandum: Plaintiff appeals from an order granting summary judgment and dismissing its complaint. Plaintiff originally moved for summary judgment and an assessment of damages. In one of the answering affidavits submitted by defendant it was alleged that it was entitled as a matter of law to a dismissal of the complaint and in any event "there is a question of fact which should be determined on a trial". Pursuant to subdivision 2 of rule 113 of the Rules of Civil Practice this presented the issue as to whether either party was entitled to summary judgment. The motion was denied and no appeal taken. Thereafter, upon the same papers defendant moved anew before another Justice and summary judgment was granted. Defendant, of course, should have moved to reargue the original motion or appealed from the order entered thereon. In any event, we conclude that triable issues are presented. The contract provisions refer to cancellation of "any risk" and elsewhere to cancellation of the contract. Defendant's notification was that it had decided not to renew stated "classes of business". A "risk" is the physical property or the person insured. (*Matter of Guardian Life Ins. Co.* v. *Chapman,* 302 N. Y. 226, 243.) It is not disputed that the contract con-

tinued in existence as to other classes of business. These issues may only be resolved upon a trial. The question of what meaning should be given to the words of a contract is ordinarily a question of fact but "if the evidence is so clear that no reasonable man would determine the issue before the court in any way but one, the court will itself determine the issue". (3 Corbin, Contracts, § 554, p. 222.) Extrinsic evidence may be offered upon the trial to aid the court and jury (cf. *Pease & Elliman* v. *Weissman,* 4 A D 2d 936). "The proper legal meaning * * * is not always the meaning of the parties. Surrounding circumstances may stamp upon a contract a popular or looser meaning. * * * The triers of the facts must fix the sense in which the words were used in the contract now before us". (*Utica City Nat. Bank* v. *Gunn,* 222 N. Y. 204, 208.) (Appeal from two orders of Erie Special Term, (1) dismissing plaintiff's complaint and (2) resettling the order of dismissal.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.