John J. Walsh, J.
The above-entitled action in bailment was tried before the court without a jury and decision was reserved.
On May 23, 1962, the plaintiff loaned a 1960 Cadillac hardtop automobile valued at $3,100 to defendant for the purpose of a road test, the defendant being interested in the purchase of such an automobile. Thereafter, the plaintiff received the automobile back in such a damaged condition that it was salvaged for $400. The plaintiff sues for the difference in the value plus a towing charge of $25 for returning the vehicle.
This is obviously an action in bailment. There are three classes of bailments recognized by the law. These are: (1) a bailment for the benefit of the bailor; (2) a bailment for the mutual benefit of both parties; and (3) a bailment for the benefit of the bailee only.
The plaintiff takes the position that this is an action of implied contract of bailment for the mutual benefit of both plaintiff as the bailor and the defendant as the bailee, and that it is not incumbent upon the plaintiff to allege or prove negligence of the defendant on a contract of bailment.
In this respect, we think that the plaintiff is in error. As a general proposition, a bailee of goods is not an insurer of their safety. Negligence must be established if liability is to result. (Reisinger v. Pullman Co., 252 App. Div. 87, affd. 277 N. Y. 679.)
The degree of negligence required to render a bailee liable to respond in damages varies with the type of bailment. Where the bailment is gratuitous, in other words where the bailment is for the benefit of the bailor only, the bailee need exercise only slight care and is liable only for gross negligence (Dalton v. Hamilton Hotel Operating Co., 242 N. Y. 481). Where the bailment is for the mutual benefit of both parties, the bailee is required to exercise ordinary care and is liable for ordinary *815 negligence. This means that he must exercise the care and diligence which prudent men exercise in the conduct of their own affairs (Hasbrouck v. New York Cent. & Hudson Riv. R. R. Co., 202 N. Y. 363). "Where the bailment is for the sole benefit of the bailee, he is required to use great care and is liable for slight negligence. This means that he must exercise all the care and diligence that the most careful persons are accustomed to use in the conduct of their own affairs (Scranton v. Baxter, 4 Sandf. 5).
Thus the plaintiff, the bailor seeking damages for the defendant bailee’s failure to return the automobile in its original condition had the burden of proving the bailee’s negligence. (Eventoff v. Tannenbaum, 53 N. Y. S. 2d 71; Castorina v. Rosen, 33 N. Y. S. 2d 75, affd. 265 App. Div. 316, revd. 290 N. Y. 445.) Although theoretically the burden of proof is with the plaintiff to show negligence to the end, he makes out a prima facie case by proving that the automobile was in good condition when delivered to the bailee and in worthless condition when returned, after which the defendant has the burden of going forward with proof in explanation. (Simensky & Levy Corp. v. Kings County Refrigerating Co., 169 Misc. 524.) On the trial, the plaintiff testified as to the delivery to the bailee and the worthless return of the automobile by the defendant.
The defendant testified that the automobile was delivered to him at his place of business in Rome by the plaintiff; that a Harry Faust was his supervisor at the store; that when it came time to go home, he had both the bailed car and his own; that Faust expressed an interest in the car; that defendant said that if Faust liked the car he could try it and that defendant gave him the keys and Faust and a companion Kelly took the car. He further testified that later at the Piggly Wiggly Drive-In he saw Faust and asked him how he liked the car and that Faust said he liked it.
His testimony was corroborated by a Samuel Kur who said he was present when Morrcale gave Faust the keys and later when he saw both Faust and Kelly at the Piggy Wiggly. There is no evidence that either Faust or Kelly had been drinking on either of these occasions.
It appears that later in the evening both Faust and Kelly were killed in a one-car accident which demolished the automobile. There is no evidence as to the cause of the accident.
We are, of course, not concerned with whether or not Faust or Kelly negligently operated the bailed car, but whether the defendant was guilty of any negligence in loaning the bailed automobile to Faust or Kelly.
*816 It is established that a mere bailee of a motor vehicle may give consent to others to use the same unless the terms of bailment provide otherwise. (Tyrnauer v. Travelers Ins. Co., 15 Misc 2d 18, affd. 8 A D 2d 857.) While there is some testimony that a printed notice of loan agreement was placed by the plaintiff in the glove compartment of the automobile at the time of the bailment, there is no testimony that this came to the attention of the defendant, nor that there was any understanding between the parties as to who should operate the automobile.
Judgment may be entered by the defendant dismissing the complaint; cross motion by plaintiff for a verdict denied.
While this may appear an inequitable result, the law seems clear. This court cannot hold that this bailment was for the sole benefit of the bailee, which required him to use great care and rendered him liable- for the slightest .negligence. The bailment in this case was either a gratuitous one for the benefit of the bailor, or one for their mutual benefit and neither gross negligence nor ordinary negligence was in either event shown.