ROY BROTHERS, INC., Plaintiff, *v.* DANA TRUCKING CO., INC., Defendant.

Civil Court of the City of New York, Trial Term, New York County, June 17, 1966.

*Martin Rosen* and *Herman Brothers* for plaintiff. *Emile Z. Berman, A. Harold Frost* and *Harold L. Schwab* for defendant.

ARNOLD L. FEIN, J. Plaintiff moves for judgment notwithstanding the jury's verdict for defendant, or for a new trial, in an action for breach of bailment and in negligence to recover the sum of $2,350 (sought to be amended on the trial to $3,000), the alleged value of a 1946 trailer mobile (flat-bed trailer) loaned by plaintiff to defendant without charge on or about November 29, 1956. Plaintiff and defendant were both engaged in the long haul trucking business.

The evidence on both sides established without contradiction that the corporations, *both prior and subsequent to 1956,* exchanged similar equipment as the circumstances required, without charge or consideration other than the mutual exchanges.

The trailer weighed approximately 8,000 pounds, was 32 feet long and 4 feet high, and could only be moved by means of a tractor or similar equipment. Defendant maintained a terminal at 11th Avenue and West 28th Street, Manhattan, where it kept its own equipment of like character. Plaintiff was familiar with defendant's operations, including the operations of defendant's terminal and yard.

On the Friday night after the loan, plaintiff's flat-bed trailer was parked by defendant in defendant's terminal yard together with a flat-bed trailer and other trucking equipment owned by defendant. It was seen in the yard Friday evening and Saturday and Sunday by defendant's employees. It was missing early Monday morning. Defendant's terminal yard was only partly fenced and it kept a watchman on duty only part of the week end. Defendant thoroughly investigated the loss of the trailer and reported it to the police.

Uncontradicted expert testimony on the trial established the custom in metropolitan New York, particularly in the area surrounding defendant's terminal, to park such unloaded trailers, incapable of self-mobility, in similar terminals, unfenced and unguarded.

The parties continued exchanging such vehicles after the loss.

In plaintiff's bill of particulars it was alleged the trailer had been stolen.

Plaintiff bailor made out a prima facie case by proving delivery to defendant, demand for return and nondelivery. The burden of going forward shifted to defendant bailee (*Hasbrouck v. New York Cent. & Hudson Riv. R. R. Co.*, 202 N. Y. 363; *Claflin v. Meyer*, 75 N. Y. 260; *Dalton v. Hamilton Hotel Operating Co.*, 242 N. Y. 481; *Fidelity & Guar. Ins. Corp. v. Ballon*, 280 App. Div. 373). Defendant went forward with evidence respecting (1) the disappearance of the vehicle; (2) the report of its theft, including plaintiff's allegation it had been stolen; (3) the care given by defendant to the vehicle, and (4) the custom and practice of similar truckers in caring for their own and bailed trailers in the vicinity of defendant's terminal. The evidence was sufficient to go to the jury, the burden of proof on the whole case being on plaintiff to show the loss was occasioned by the negligence of defendant (*Claflin v. Meyer, supra*; *Mays, Inc. v. Hertz Corp.*, 15 A D 2d 105; *Pettinelli Motors v. Morreale*, 39 Misc 2d 813; *Cowan v. Sutherland*, 6 Misc 2d 71).

Plaintiff was not entitled to a directed verdict, there being adequate evidence of the circumstances of the loss and the exercise of care by defendant, consistent with a defendant's verdict. (*Claflin v. Meyer, supra*; *Canfield v. Baltimore & Ohio*

*R. R. Co.,* 93 N. Y. 532; *Ouderkirk* v. *Central Nat. Bank of Troy,* 119 N. Y. 263.)

Plaintiff asserts the charge was inadequate in that it failed to charge the various kinds of bailment and the degrees of care applicable to each, citing *Douglas* v. *Reymont Props.* (86 N. Y. S. 2d 60). That case is clearly distinguishable. There a verdict for *plaintiff* was reversed for failure to charge the degree of care applicable to a bailment for mutual benefit and that the ultimate burden was on plaintiff to show the theft was occasioned by defendant's negligence.

Here the verdict was for defendant, after a proper charge on the degree of care applicable on that version of the undisputed facts most favorable to plaintiff (*Cowan* v. *Sutherland,* 6 Misc 2d 71, *supra*). Moreover the evidence of the regular exchange of similar vehicles between plaintiff and defendant established a bailment for mutual benefit and an acquiescence by plaintiff in defendant's manner of care of plaintiff's equipment.

Implicit in the jury's verdict for the defendant was a finding (1) that defendant had explained how it cared for the property, why it could not be returned, and that it was lost or stolen without negligence; and (2) that plaintiff failed to meet the burden of proof by establishing the loss was occasioned by defendant's negligence under the circumstances. Plaintiff's argument, although not so phrased, is premised on the theory that the burden of proof was on defendant bailee to show lack of negligence. This is not the law (*Claflin* v. *Meyer, supra*; *Douglas* v. *Reymont Props., supra*; *Pettinelli Motors* v. *Morreale,* 39 Misc 2d 813, *supra*). Plaintiff's motions for judgment notwithstanding verdict and for a new trial denied.