Arnold L. Fein, J.
Plaintiff finance company sues for breach of contract, on a “ family automobile policy ”, issued by defendant. The testimony on behalf of plaintiff was that it had purchased a retail installment contract under which a 1963 Mercury automobile was sold to one, Salvatore Armond also known as Salvatore Celona, and his wife Florence M. Celona. Plaintiff introduced in evidence the retail installment contract together with a copy of a “ family automobile policy ” issued by defendant, which, on its face, in addition to the “ named insured ”, under “ Item 3. Loss Payee ”, named plaintiff.
Plaintiff’s collection manager testified that the copy of the policy and the retail installment contract came from plaintiff’s records kept in the regular course of business. He did not know in what manner they had come into plaintiff’s possession. Defendant conceded that the document was defendant’s policy *1028 and the included Comprehensive Coverage included theft of the vehicle.
He also testified, without contradiction, that the book value of the automobile in March of 1965, was $1,800; that there was an unpaid balance due plaintiff in the sum of $1,787.71; and that a demand for payment had been made on defendant on the ground of the alleged theft of the vehicle, which was refused.
James T. Shinners, employed by defendant as a staff adjuster, called as plaintiff’s witness, testified he had investigated the alleged loss on the basis of reports received by defendant from the Police Department, Florence Celona, and plaintiff’s attorney. At the police station, he was verbally advised by the ‘ detective in charge that there was an open alarm on the car. Plaintiff’s attorney advised him to the same effect. He endeavored to locate Salvatore A. Celona but was unable to do so. Florence M. Celona stated to him that the automobile had been stolen.
Harold Siegel, also called by plaintiff, testified he was an independent broker and had written the policy. He had received telephone calls from Salvatore A. Celona and had filed a report thereof with defendant. Celona told the broker that the car was inoperative and disabled; that he, Celona, was disgusted and had left it. in the street near the curb with the keys in the car and did not intend to pay the balance due. Celona later told Siegel that the finance company could not find the car and that he, Celona, had advised the finance company that he would not pay the balance due. Siegel testified that his own records did not show plaintiff or anyone else as the “ loss payee”, as evidenced by his “ daily ” copy of the policy introduced in evidence by defendant. Celona also told Siegel he was filing a bankruptcy petition.
At the conclusion of plaintiff’s case, defendant moved to dismiss upon the grounds that: (1) plaintiff had failed to meet the burden of proof that the car had been stolen, the evidence at best for plaintiff being that it had been abandoned; and (2) there was no proof plaintiff had any interest in the car. Decision was reserved. Defendant rested and renewed its motions. Decision was again reserved. The jury found a unanimous verdict in favor of plaintiff in the sum of $1,787.71. Defendant moved to set aside the verdict as against the weight of the evidence, contrary to law and excessive. Decision was reserved except for excessiveness.
The evidence was sufficient to sustain the finding implicit in the jury verdict that plaintiff was the loss payee and succeeded to all the rights of the insured on the policy. However, the *1029 evidence was insufficient to establish that the vehicle had been stolen. There was no direct or circumstantial proof of theft. The burden of proof was on the plaintiff to establish that the vehicle had been stolen. It is not sufficient merely to show that it had disappeared or not been found, unless there is evidence in the case from which theft may be inferred. There must be direct or circumstantial evidence of the elements of larceny at common law, which include felonious intent. (Rush v. Boston Ins. Co., 88 Misc. 48; Botnick Motor Corp. v. Northern Ins. Co., 253 App. Div. 786; Van Vechten v. American Eagle Fire Ins. Co., 239 N.Y. 303; De Long v. Massachusetts Fire & Marine Ins. Co., 238 App. Div. 760; Glens Falls Ins. Co. v. Stewart, 127 Misc. 353.) Such proof may be by circumstantial evidence. As stated in Brookov v. Glens Falls Ins. Co. (190 Misc. 792, 794): “ A theft must usually be proven by circumstantial evidence. The thief seldom steals in the presence of witnesses. ” (See Levine v. Accident & Cas. Ins. Co., 203 Misc. 135.) However, here there was no direct or circumstantial evidence upon which the jury could have found theft.
The hearsay testimony of the broker, Siegel, as to his conversations with Celona, communicated to defendant, was admitted solely for the purpose of showing that the alleged loss had been reported by him to the- defendant based upon information furnished to him by the named insured, the owner, and the jury was so charged. He had no personal knowledge of what had happened to the car. His testimony could not be accepted as proof of its theft. It was admissible merely as proof a report had been made.
No case in New York close to the one at bar has been found. In National Mut. Cas. Co. v. Cypret (207 Ark. 11), similar proof was admitted for the same purpose. However, the jury verdict was sustained because there was testimony in that case, lacking here, that after the car had been abandoned, the witness had seen it on a lot to which it had been taken for storage and later observed that it had disappeared from the lot.
The testimony of defendant’s adjuster, Shinners, was merely to the effect that the Police Department had a record of a report that the car had been stolen, and had put out an alarm. Such evidence was admissible only to show that a report or claim had been made and that defendant was advised thereof, not as proof of the theft. (Johnson v. Luts, 253 N. Y. 124; see Kelly v. Wasserman, 5 N Y 2d 425; Yates v. Bair Transp., 249 P. Supp. 681.) Similar was Shinners ’ testimony that Mrs. Celona, also a named insured, had .advised him that the vehicle had not been located. Neither she, nor her husband, the other named insured, testified *1030 as to when, where or in what circumstances either of them had last seen the car or had it in their possession. Nor was there testimony by any other person to such effect. Testimony that one has parked a vehicle somewhere and found it gone when he returned, has been held sufficient. (Chepakoff v. National Ben Franklin Fire Ins. Co., 97 Misc. 330; see Roy Bros. v. Dana Trucking Co., 52 Misc 2d 355.) So too where a ring was left on a washstand. (Levine v. Accident & Gas. Ins. Go., supra.) Such testimony is minimal, enough for an inference. It is lacking here. There being no evidence of a theft or a felonious taking, direct or circumstantial, nor any direct proof of what happened to the automobile when and after its owner last had it in. his possession, there is no basis for a verdict of theft. Accordingly, the court must grant the motions to set the verdict aside and dismiss the complaint (Merl v. Standard Ins. Co. of N. Y., 173 Misc. 230).
Defendant’s motions to set aside the verdict and to dismiss the complaint are both granted.